BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER T. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
ERIC MACKIE (Cal. Bar No. Pending)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3289
     Facsimile: (213) 894-0141
     E-mail:   Eric.Mackie@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>                  v.<br><br>MATTHEW JULES MUNOZ,<br><br>             Defendant. | No. 2:25-cr-00708-JLS<br><br>PLEA AGREEMENT FOR DEFENDANT<br>MATTHEW JULES MUNOZ |

1.   This constitutes the plea agreement between MATTHEW JULES MUNOZ ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

RULE 11(c)(1)(C) AGREEMENT

2.   Defendant understands that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Accordingly, defendant understands that, if the Court determines that it will not accept this agreement, absent a breach of this agreement

by defendant prior to that determination and whether or not defendant elects to withdraw any guilty plea entered pursuant to this agreement, this agreement will, with the exception of paragraph 20 below, be rendered null and void and both defendant and the USAO will be relieved of their obligations under this agreement.  Defendant agrees, however, that if defendant breaches this agreement prior to the Court's determination whether or not to accept this agreement, the breach provisions of this agreement, paragraph 22 below, will control, with the result that defendant will not be able to withdraw any guilty plea entered pursuant to this agreement, the USAO will be relieved of all of its obligations under this agreement, and the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

<u>DEFENDANT'S OBLIGATIONS</u>

3.    Defendant agrees to:

a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Simple Assault on a Federal Officer, in violation of 18 U.S.C. § 111(a)(1), a Class A Misdemeanor, which is the lesser-included charge of the single-count indictment in this case, which charges defendant with Assault on a Federal Officer Making Physical Contact, in violation of 18 U.S.C. § 111(a)(1), a felony.

b.    Not contest facts agreed to in this agreement.

c.    Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose sentence in accordance with paragraph 14 of this agreement.

d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.    Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.    Submit a handwritten note of apology to victim D.H. no less than one week before sentencing positions, which is to be provided to the government.

i.    Recommend that defendant be sentenced to a term of home confinement of no less than 30 days, and not seek, argue for, or suggest in any way, either orally or in writing, that the Court impose any sentence of less than 30 days of home confinement.

j.    Agree to and not oppose the imposition of the following condition of probation or supervised release: defendant shall not knowingly enter or come within 100 feet of a federal building or within 100 feet of a federal law enforcement officer engaged in the performance of his or her official duties for an unlawful purpose or with the intent to protest, harass, or cause a disturbance, without prior permission of Pretrial Services.  Notwithstanding the prior sentence, defendant is permitted to enter a federal building for legitimate business or governmental

3

purposes, however, defendant must adhere to the building's rules and regulations at all times and follow the commands of any federal employee or officer, and defendant must leave the building immediately, and without a disturbance, if directed by a federal employee or officer. Any violations of this condition, whether intentional or inadvertent, shall be reported within 24 hours of occurrence.

## THE USAO'S OBLIGATIONS

4. The USAO agrees to:

a. Not contest facts agreed to in this agreement.

b. Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose sentence in accordance with paragraph 14 of this agreement.

## NATURE OF THE OFFENSE

5. Defendant understands that for defendant to be guilty of the crime charged in the single-count information, that is, Simple Assault on a Federal Officer or Employee, in violation of 18 U.S.C. § 111(a)(1), the following must be true: (1) defendant forcibly assaulted an officer or employee of the United States; (2) the defendant did so while the officer or employee of the United States was engaged in, or on account of, his or her official duties.

## PENALTIES

6. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 111(a)(1), as charged in the single-count information, is: one year imprisonment; a one-year period of supervised release; a fine of $100,000 or twice the gross gain or gross loss resulting from the

offense, whichever is greatest; and a mandatory special assessment of $25.

7. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9. Defendant understands that, if defendant is not a United States citizen, the conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the conviction in this

1   case.  Defendant understands that unexpected immigration consequences

2   will not serve as grounds to withdraw defendant's guilty plea.

3 FACTUAL BASIS

4      10.  Defendant admits that defendant is, in fact, guilty of the

5   offense to which defendant is agreeing to plead guilty.  Defendant

6   and the USAO agree to the statement of facts provided below and agree

7   that this statement of facts is sufficient to support a plea of

8   guilty to the charge described in this agreement and to establish the

9   Sentencing Guidelines factors set forth below but is not meant to be

10   a complete recitation of all facts relevant to the underlying

11   criminal conduct or all facts known to either party that relate to

12   that conduct.

13      On June 27, 2025, in Los Angeles County, within the Central

14   District of California, defendant intentionally and forcibly

15   assaulted an employee with the United States Border Patrol ("USBP"),

16   while the employee was engaged in, and on account of, the performance

17   of their official duties.

18      Specifically, on June 27, 2025, USBP agents were conducting an

19   enforcement action in downtown Los Angeles.  During the enforcement

20   action, defendant forcibly spit on D.H.  Defendant's saliva hit D.H.

21   in the face.  At the time defendant spat on D.H., D.H. was

22   performing his official duties with USBP.  Defendant spat on D.H. on

23   account of D.H.'s performance of his official duties.

24 SENTENCING FACTORS AND AGREED-UPON SENTENCING

25      11.  Defendant understands that in determining defendant's

26   sentence the Court is required to calculate the applicable Sentencing

Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only.

12. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:              10              U.S.S.G. § 2A2.4
Involved Physical Contact:       +3        U.S.S.G. § 2A2.4(b)(1)
Total Offense Level              13

13. The parties agree not to argue that any other specific offense characteristics, adjustments, or departures be imposed.

14. Defendant and the USAO agree that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7) and the relevant sentencing guideline factors set forth above, an appropriate disposition of this case is that the Court impose a sentence within the sentencing range of between 30 days' home confinement and a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, a one-year period of supervised release with conditions to be fixed by the Court which shall include the special condition set forth in paragraph 3(i) above, a fine of between $100 and $4,000, and a $25 special assessment. The parties also agree that no prior imprisonment (other than credits that the Bureau of Prisons may allow under 18 U.S.C. § 3585(b)) may be credited against this stipulated sentence, including credit under Sentencing Guideline § 5G1.3.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

15. Defendant understands that by pleading guilty, defendant gives up the following rights:

7

1          a.   The right to persist in a plea of not guilty.

2          b.   The right to a speedy and public trial by jury.

3          c.   The right to be represented by counsel -- and if

4    necessary have the Court appoint counsel -- at trial.  Defendant

5    understands, however, that, defendant retains the right to be

6    represented by counsel -- and if necessary have the Court appoint

7    counsel -- at every other stage of the proceeding.

8          d.   The right to be presumed innocent and to have the

9    burden of proof placed on the government to prove defendant guilty

10   beyond a reasonable doubt.

11         e.   The right to confront and cross-examine witnesses

12   against defendant.

13         f.   The right to testify and to present evidence in

14   opposition to the charges, including the right to compel the

15   attendance of witnesses to testify.

16         g.   The right not to be compelled to testify, and, if

17   defendant chose not to testify or present evidence, to have that

18   choice not be used against defendant.

19         h.   Any and all rights to pursue any affirmative defenses,

20   Fourth Amendment or Fifth Amendment claims, and other pretrial

21   motions that have been filed or could be filed.

22              WAIVER OF APPEAL OF CONVICTION AND COLLATERAL ATTACK

23       16.  Defendant understands that, with the exception of an appeal

24   based on a claim that defendant's guilty plea was involuntary, by

25   pleading guilty defendant is waiving and giving up any right to

26   appeal defendant's conviction on the offense to which defendant is

27   pleading guilty.  Defendant understands that this waiver includes,

28   but is not limited to, arguments that the statute to which defendant

is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

17.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

18.  Defendant agrees that, provided the Court imposes the sentence in the range specified in paragraph 14 above, defendant gives up the right to appeal any portion of that sentence, and the procedures and calculations used to determine and impose any portion of that sentence.

19.  The USAO agrees that, provided the Court imposes the sentence in the range specified in paragraph 14 above, the USAO gives up its right to appeal any portion of that sentence, and the procedures and calculations used to determine and impose any portion of that sentence.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

20.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds

in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

<u>EFFECTIVE DATE OF AGREEMENT</u>

21.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

<u>BREACH OF AGREEMENT</u>

22.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, (b) the USAO will be relieved of all its obligations under this agreement, and (c) the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

1    COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

2    OFFICE NOT PARTIES

3    23.  Defendant understands that the Court and the United States

4    Probation and Pretrial Services Office are not parties to this

5    agreement and need not accept any of the USAO's sentencing

6    recommendations or the parties' agreements to facts, sentencing

7    factors, or sentencing.  Defendant understands that the Court will

8    determine the facts, sentencing factors, and other considerations

9    relevant to sentencing and will decide for itself whether to accept

10   and agree to be bound by this agreement.

11   24.  Defendant understands that both defendant and the USAO are

12   free to: (a) supplement the facts by supplying relevant information

13   to the United States Probation and Pretrial Services Office and the

14   Court, (b) correct any and all factual misstatements relating to the

15   Court's Sentencing Guidelines calculations and determination of

16   sentence, and (c) argue on appeal and collateral review that the

17   Court's Sentencing Guidelines calculations and the sentence it

18   chooses to impose are not error, although each party agrees to

19   maintain its view that the calculations and sentence referenced in

20   paragraphs 12 and 14 respectively are consistent with the facts of

21   this case.  While this paragraph permits both the USAO and defendant

22   to submit full and complete factual information to the United States

23   Probation and Pretrial Services Office and the Court, even if that

24   factual information may be viewed as inconsistent with the facts

25   agreed to in this agreement, this paragraph does not affect

26   defendant's and the USAO's obligations not to contest the facts

27   agreed to in this agreement.

28

11

NO ADDITIONAL AGREEMENTS

25.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

26.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

BILAL A. ESSAYLI
First Assistant United States
Attorney

*Eric Mackie*                                 11/17/2025
_____               _____
ERIC MACKIE                                  Date
Assistant United States Attorney

*[signature]*                                11-17-25
_____               _____
MATTHEW JULES MUNOZ                          Date
Defendant

*[signature]*                                11/17/25
_____               _____
IBOH UMODU                                   Date
Deputy Federal Public Defender
Attorney for Defendant MATTHEW
JULES MUNOZ

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

MATTHEW JULES MUÑOZ                    Date 11-17-25
Defendant

13

1                    CERTIFICATION OF DEFENDANT'S ATTORNEY

2          I am MATTHEW JULES MUNOZ's attorney.  I have carefully and

3    thoroughly discussed every part of this agreement with my client.

4    Further, I have fully advised my client of his rights, of possible

5    pretrial motions that might be filed, of possible defenses that might

6    be asserted either prior to or at trial, of the sentencing factors

7    set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8    provisions, and of the consequences of entering into this agreement.

9    To my knowledge: no promises, inducements, or representations of any

10   kind have been made to my client other than those contained in this

11   agreement; no one has threatened or forced my client in any way to

12   enter into this agreement; my client's decision to enter into this

13   agreement is informed and voluntary; and the factual basis set forth

14   in this agreement is sufficient to support my client's entry of a

15   guilty plea pursuant to this agreement.

16   _____          11/17/25
                                               _____
17   IBOH UMODU                               Date
     Deputy Federal Public Defender
18   Attorney for Defendant MATTHEW
     JULES MUNOZ
19

20

21

22

23

24

25

26

27

28

                                      14

EXHIBIT A

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE CENTRAL DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,              No. 25-CR-708(A)-JLS

11            Plaintiff,                    F I R S T
                                           S U P E R S E D I N G
12            v.                           I N F O R M A T I O N

13   MATTHEW JULES MUNOZ,                   [18 U.S.C. § 111(a)(1): Simple
                                            Assault on Federal Officer or
14            Defendant.                    Employee]

15                                          **[CLASS A MISDEMEANOR]**

16
          The United States of America charges:
17
                         [18 U.S.C. § 111(a)(1)]
18
          On or about June 27, 2025, in Los Angeles County, within the
19
     Central District of California, defendant MATTHEW JULES MUNOZ
20
     intentionally and forcibly assaulted, resisted, impeded, intimidated,
21
     and interfered with victim D.H., an employee of
22
     //
23
     //
24

25

26

27

28

the United States Border Patrol, while D.H. was engaged in, and on account of, the performance of D.H.'s official duties.

                                    BILAL A. ESSAYLI
                                    First Assistant United States
                                    Attorney

                                    ALEXANDER T. SCHWAB
                                    Assistant United States Attorney
                                    Acting Chief, Criminal Division


                                    FRANCES S. LEWIS
                                    Assistant United States Attorney
                                    Chief, General Crimes Section

                                    ERIC MACKIE
                                    Assistant United States Attorney
                                    General Crimes Section